## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **INDECS CORP., and WIREROPE WORKS, INC.,** | : | |
| | : | |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| **CLAIM DOC, LLC** | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendant* | : | |

## <u>COMPLAINT</u>

**AND NOW COME** Plaintiffs INDECS Corp. ("INDECS") and Wirerope Works, Inc. ("Wirerope") (collectively "Plaintiffs"), by and through their undersigned counsel Bochetto & Lentz, P.C. ("B&L"), and aver the following in support of their Complaint against Defendant Claim Doc, LLC, ("Claim Doc"):

## I.        <u>INTRODUCTION</u>

1.        This case is about the actions of Claim Doc, a company that lost a customer and then decided not to abide by its contractual obligations under contract and under ERISA.

2.        Plaintiffs engaged Claim Doc to provide claim review services for the health benefit plan for Wirerope's employees.

3.        Claim Doc, however, did not perform up to Wirerope's expectations, and Wirerope terminated the relationship, as permitted by the parties' contract.

4.        Claim Doc then immediately sought to avoid its continuing contractual obligation to provide post-termination services.

5.        Under the contract between the parties, Claim Doc was obligated to provide a legal defense of "balance bills."  Balance bills are the bills sent from a healthcare provider to a

patient for the difference between what insurance paid and what the healthcare provider wishes to be paid.

6.       In order to prevent Wirerope's employees from balance bills, Claim Doc had been contracted to defend participants in Wirerope's health benefit plan from balance bills.

7.       Claim Doc, however, rather than honor its contractual and fiduciary obligations to defend Wirerope's plan participants from balance bills, simply announced that it had no intention of doing so.

8.       Despite refusing to honor its duty to defend against balance bills after termination, Claim Doc has asserted the right to additional fees.

9.       Plaintiffs bring this action for declaratory judgment in order to establish that Claim Doc's material breach of its duties allows Plaintiffs to use the money Claim Doc seeks in order to legally defend the balance bills that Claim Doc was supposed to defend and for damages.

## II.       JURISDICTION AND VENUE

10.       Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Defendant and Plaintiff and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest, fees and cost.  Jurisdiction is also proper under 28 U.S.C. § 1331 as the breach of fiduciary duty claim in this matter arises under ERISA.

11.       Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## III.       PARTIES

12.       Plaintiff INDECS Corp. is a Delaware corporation having its place of business at 1099 Wall Street West, Suite 317, Lyndhurst, NJ 07071.  INDECS is a licensed Third Party Administrator in New Jersey.

13.     Plaintiff Wirerope Works, Inc., is a Pennsylvania corporation with its principal place of business at 100 Maynard Rd., Williamsport, PA 17701.

14.     Defendant Claim Doc, LLC is a limited liability company formed under the laws of the State of Florida.  Claim Doc FL's principal place of business is 100 SW Albany Ave, Stuart, FL 34994.

## IV.      FACTUAL BACKGROUND

15.     The averments and responses of all preceding paragraphs are incorporated by reference as if fully rewritten herein.

16.     INDECS is engaged in the business of providing health benefit plan claims management and administration services to its customers.

17.     INDECS works with other vendors to provide some of these services, including claims auditing services.

18.     Wirerope is a customer of INDECS, and has been a customer of INDECS at the relevant times in this Complaint.

### A.  The Agreement for Claims Review, Audit, and Negotiation

19.     On June 1, 2015, INDECS and Claim Doc entered into the Agreement for Claims Review, Audit, and Negotiation (the "Agreement").  *See* Agreement for Claims Review, Audit, and Negotiation, attached hereto as Exhibit A.

20.     Under the Agreement, Claim Doc was to provide claims review services to customers of INDECS.  *Id.* at 1.

21.     The Agreement required Claim Doc to, *inter alia*, "provide INDECS with a written audit report for each claim submitted for audit and review along with appropriate legal and other references to support the determination[.]"  *Id.* ¶ 1(b).

3

22.     The Agreement also called for Claim Doc to,

> if provided for in the Plan Document, handle appeals filed by providers or members of audit determinations in accordance with the Plan's appeal provisions and arrange for and provide at no cost to the Plan or patient a legal defense against non-patient responsibility in balance bills. If legal defense is not provided for in the Plan Document, then CD will use commercially reasonable efforts to negotiate and settle at its sole discretion, any balance bill attempts with providers on behalf of the Plan and/or Patient; and

*Id.* at 1(e).

23.     INDECS made a written request to Claim Doc to provide such services to Wirerope.

24.     Wirerope's Plan Document provided for the handling of appeals as set forth in paragraph 1(e) of the Agreement such that Claim Doc was obligated to provide a legal defense for balance bills to the Plan or patient.

25.     The Agreement called for INDECS and Claim Doc to enter into an agreement with an INDECS customer known as a Joinder Agreement if Claim Doc was to provide services for an INDECS customer.  *Id.* ¶ 1.

26.     Claim Doc agreed to act according to the standards of 29 U.S.C. § 1104(a)(1)(A), (B) and (D) in discharging its duties under the Agreement.  *Id.* ¶ 1.

27.     Claim Doc agreed to "hold harmless, indemnify, and defend INDECS against any and all losses, claims, expenses (including reasonable attorney's fees)," and damages other than damages caused by INDECS's "breach of this Agreement or its fraud, negligence or willful misconduct[.]"  *Id.* ¶ 6.

28.     Under paragraph 8 of the Agreement, Claim Doc was to receive certain fees for its services.  Furthermore,

> INDECS on behalf of and with the funds provided by the Plan Sponsor agrees to pay CD the Services Fee under this Section at

the same time that INDECS, on behalf of the Plan, makes payment for the underlying medical or pharmacy claim, or, if no benefits are found to be payable for the claim according to the terms of the Plan, at the time of adjudication of the claim by INDECS, for which CD has performed services hereunder.

*Id.* ¶ 8.

29.     The Agreement continued through May 31, 2016, and automatically renewed for additional one-year periods.  *Id.* ¶ 10.  Either party could terminate with 60 days' notice.  *Id.*

30.     Upon termination of the Agreement, INDECS and Claim Doc agreed:

As of the date of termination of this Agreement and the expiration of any run out period under any applicable Stop Loss Policy, all rights and obligations of the Parties shall terminate, except that (a) CD shall continue to perform its obligations under this Agreement with respect to any Referred Health Benefit Claim or Appeal of a Health Benefit Claim provided that the Plan Document continues to name the TPA or the Plan Administrator as a designated decision maker with maximum discretionary authority with respect to such Referred Appeals . . .

*Id.*

31.     Under the Agreement, a "Health Benefit Claim" is "a claim for benefits filed by a participant in the Plan[.]"  *Id.* ¶ 2.

32.     Under the Agreement, a "Referred Appeal" is "any appeal of a denied Health Benefit Claim under the Plan[.]"  *Id.*

33.     The Agreement does not expressly define "Referred Health Benefit Claim" or "Appeal of a Health Benefit Claim."

34.     Claim Doc's post-termination obligations under the Agreement include the defense of balance bills and balance billing.

35.     The Agreement is governed by the law of New Jersey.  *Id.* ¶ 12.

**B.  The Joinder Agreement**

36.     INDECS, Claim Doc, and Wirerope entered into the Joinder Agreement on June

1, 2015.  *See* Joinder Agreement, attached hereto as Exhibit B.

37.     Under the Joinder Agreement, Wirerope elected to use Claim Doc's claims review services for its health benefit plan, as a customer of INDECS.  *Id.* at 1.

38.     Claim Doc became a fiduciary for all of its actions pursuant to the Joinder Agreement.  *Id.* ¶ 1.

39.     The Joinder Agreement incorporated the Agreement.  *Id.*

40.     The Joinder Agreement authorized INDECS to represent Wirerope to obtain Claim Doc's services.  *Id.* ¶ 2.

41.     With respect to compensation, the parties agreed that:

> in the event INDECS fails to forward to CD compensation or other payments due hereunder in connection with this Agreement and/ or the Services Agreement in a timely manner, upon notice to Plan Sponsor by CD, Plan Sponsor shall make direct payments to CD for any unpaid amounts or future payments due under this Agreement

*Id.* ¶ 6.

**C.  Claim Doc Terminates and Fails to Perform**

42.     Between June 1, 2015, and April 25, 2016, Claim Doc was paid $307,081.93 for services provided to Wirerope.

43.     On May 10, 2016, Wirerope terminated its relationship with Claim Doc effective May 31, 2016 (which date was later extended to June 1, 2016).

44.     On May 11, 2016, after receiving notice of Wirerope's termination, Claim Doc provided notice that it would terminate the Agreement with INDECS.  *See* Krambeck letter to INDECS of May 11, 2016, attached hereto as Exhibit C.

45.     On May 11, 2016, after receiving notice of Wirerope's termination, Claim Doc sent a letter to Wirerope stating that its services would terminate on July 2, 2016.  *See* Krambeck

letter to Wirerope of May 11, 2016, attached hereto as Exhibit D.

46.     Claim Doc, in the letter to Wirerope, specifically stated that it would not provide balance bill defense subsequent to July 2, 2016.  *Id.*

47.     INDECS understands that Claim Doc has provided post-termination legal defense of balance bills in the past.

48.     INDECS requested detailed information on outstanding claims from Claim Doc, including information concerning the status of balance billing.

49.     Claim Doc did not timely respond, and instead sought assurance that INDECS would take over the legal defense of balance bills post-termination, despite the obligation squarely resting on Claim Doc pursuant to the Agreement.

50.     By letter of May 27, 2016, Claim Doc again asserted that it would not defend balance bills post-termination.

51.     Given this material breach by Claim Doc, Wirerope instructed INDECS to withhold payments to Claim Doc in order to satisfy monetary obligations for post-termination balance bill defense.

52.     Wirerope has paid all money due on bills by Claim Doc to INDECS.

53.     INDECS is holding $79,691.74 in funds toward defense of balance bills.

54.     Upon information and belief, the cost of providing a legal defense of outstanding balance bills shall exceed $79,691.74.

55.     Numerous balance bill issues exist concerning claims under Wirerope's health benefit plan that Claim Doc originally handled, as admitted by Claim Doc.

56.     INDECS is retaining this money in order to conduct the post-termination balance bill defense, which Claim Doc was obligated to provide under paragraphs 1 and 10 of the

Agreement.

57.     By letter of July 8, 2016, Claim Doc asserted to Wirerope that Wirerope owed

Claim Doc $114,432.46.  *See* Claim Doc letter of July 8, 2016, attached hereto as Exhibit E.

58.     Claim Doc is not owed this amount, but even if it were, it is not entitled to collect

it when Plaintiffs must now pay to defend the balance bills that Claim Doc will not.

**COUNT I**
**BREACH OF CONTRACT**
**(PLAINTIFFS v. DEFENDANT)**

59.     Plaintiffs hereby incorporate by reference all allegations in the Complaint as

though the same were fully set forth herein at length.

60.     The Agreement was a valid contract between Claim Doc and INDECS, supported

by consideration, that both parties agreed to on June 1, 2015.

61.     The Joinder Agreement was a valid contract between Claim Doc, INDECS, and

Wirerope, that all parties agreed to on June 1, 2015.

62.     The Joinder Agreement incorporated by reference the terms of the Agreement.

63.     Claim Doc breached its obligations to Plaintiffs under the Agreement and the

Joinder Agreement by refusing to provide post-termination defense of balance bills.

64.     Paragraph 1 of the Agreement requires Claim Doc to defend balance bills.

65.     Paragraph 10 of the Agreement requires Claim Doc to continue to perform this

obligation after termination for pre-termination claims.

66.     Claim Doc, by way of its letter dated May 11, 2016, stated that it would not honor

this obligation.

67.     This breach by Claim Doc is a material breach, without justification, that excuses

subsequent performance by INDECS and Wirerope.

68.     Plaintiffs reasonably believe that cost of defending the balance bills will exceed $75,000.

69.     It is reasonable for INDECS and Wirerope to withhold payment to Claim Doc in order to cover expenses for performing Claim Doc's obligations under the Joinder Agreement and the Agreement.

**WHEREFORE**, Plaintiffs INDECS Corp. and Wirerope Works, Inc., respectfully request that this Court enter a judgment:

1.  Declaring that Claim Doc, LLC materially breached the Agreement and the Joinder Agreement;

2.  Declaring that INDECS Corp. and Wirerope Works, Inc. have no obligation of further payment to Claim Doc, LLC; and

3.  Declaring that Claim Doc, LLC is obligated to indemnify, defend, and hold harmless INDECS Corp. for this lawsuit and the breach of Claim Doc, LLC; and

4.  Awarding damages, costs, and attorney's fees to Plaintiffs for the damages caused by Claim Doc, LLC.

**COUNT II**
**BREACH OF FIDUCIARY DUTY**
**(PLAINTIFFS v. DEFENDANT)**

70.     Plaintiffs hereby incorporate by reference all allegations in the Complaint as though the same were fully set forth herein at length.

71.     Under the Agreement and the Joinder Agreement, Claim Doc agreed to provide services for Wirerope's health benefit plan as a fiduciary.

72.     Under the Agreement and the Joinder Agreement, Claim Doc agreed to act at all times under the standard of fiduciary duty expected of an ERISA fiduciary.

73.     Claim Doc was required to act with the skill, care, and diligence of a prudent man in executing its duties as a fiduciary of the Wirerope health benefits plan.

74.     Claim Doc owes its duties to the Wirerope health benefit plan and all co-fiduciaries of the Wirerope health benefit plan through the plan.

75.     Claim Doc owes fiduciary duties to Wirerope and INDECS, or is liable for its breach of fiduciary duty to Wirerope and INDECS.

76.     Claim Doc's failure to provide balance bill defense to Wirerope health benefit plan members falls below the skill, care, and diligence of a prudent man.

77.     Claim Doc, therefore, is liable over to Wirerope and INDECS for its breach of fiduciary duty.

78.     Plaintiffs reasonably believe that cost of defending the balance bills will exceed $75,000.

**WHEREFORE**, Plaintiffs INDECS Corp. and Wirerope Works, Inc., respectfully request that this Court enter judgment:

1. Declaring that Claim Doc, LLC is liable for its breach of fiduciary duty in failing to undertake defense of balance bills;

2. Declaring that Claim Doc, LLC must compensate INDECS Corp. and Wirerope Works, Inc. for the legal defense of balance bills;

3. Awarding damages, costs, and attorney's fees to Plaintiffs for the damages caused by Claim Doc, LLC.

## COUNT III
## INDEMNITY
## (PLAINTIFFS v. DEFENDANT)

79.     Plaintiffs hereby incorporate by reference all allegations in the Complaint as though the same were fully set forth herein at length.

80.     The Agreement was a valid contract between Claim Doc and INDECS, supported by consideration, that both parties agreed to on June 1, 2015.

81.     The Joinder Agreement was a valid contract between Claim Doc, INDECS, and Wirerope, that all parties agreed to on June 1, 2015.

82.     The Joinder Agreement incorporated by reference the terms of the Agreement.

83.     Pursuant to those agreements, Claim Doc has a duty to "hold harmless, indemnify, and defend INDECS against any and all losses, claims, expenses (including reasonable attorney's fees)," INDECS.

84.     As the fiduciary of Wirerope, Claim Doc has a duty to indemnify Wirerope.

85.     Claim Doc's actions in failing to defend the balance bills, and thereby causing this litigation, require indemnification for Plaintiffs by Claim Doc.

86.     Plaintiffs reasonably believe that cost of defending the balance bills will exceed $75,000.

**WHEREFORE**, Plaintiffs INDECS Corp. and Wirerope Works, Inc., respectfully request that this Court enter a judgment:

1.  Declaring that Claim Doc, LLC must indemnify, hold harmless, and defend INDECS for its actions;

2.  Declaring that Claim Doc, LLC must indemnify Wirerope Works, Inc.; and

3.  Awarding damages, costs, and attorney's fees to Plaintiffs.

11

Respectfully submitted,

s/   John A. O'Connell

Dated: 7/20/2016 _____        By:   _____

John A. O'Connell, Esquire
**BOCHETTO & LENTZ, P.C.**
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

*Attorneys for Plaintiff*