UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INDECS CORP. and WIREROPE WORKS, INC.**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**CLAIM DOC, LLC**<br><br>    **Defendant.** | Civ. No. 16-4421 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

  INDECS Corp. ("INDECS") and Wirerope Works, Inc. ("Wirerope") bring this action against Claim Doc, LLC ("Claim Doc"). Plaintiffs' claims arise from the termination of an agreement to provide certain services related to Wirerope's employee health benefit plan. On July 20, 2016, Plaintiffs filed a complaint in this Court seeking damages and declaratory relief relating to Claim Doc's alleged breach of contract, breach of fiduciary duty, and duty to indemnify Plaintiffs. (ECF no. 1, cited as "Compl.")[1]

---

[1] Record items cited repeatedly will be abbreviated as follows:
  "Pl. Mot." = Memorandum in Support of Application for Emergency Relief and Preliminary Injunction (ECF no. 7-3)
  "Def. Opp." = Defendant Claim Doc's Memorandum of Law in Opposition to Plaintiff's Application for Emergency Relief and Preliminary Injunction (ECF no. 14)
  "Pl. Reply" = Reply Memorandum in Support of Application for Emergency Relief and Preliminary Injunction (ECF no. 15)

Now before the Court is Plaintiffs' motion for emergency relief and preliminary injunction pursuant to Fed. R. Civ. P. 65 and Local Civ. Rule 65.1. (Pl. Mot. 1) For the reasons explained below, Plaintiffs' motion is DENIED.

## I. BACKGROUND

According to the Complaint, INDECS is a business that manages and administers health benefit plan claims for its customers. (Compl. ¶ 16) In doing so, INDECS contracts out some of these services to other vendors. (*Id.* ¶ 17) On June 1, 2015, INDECS and Claim Doc entered into an Agreement, under which "Claim Doc was to provide claims review services to customers of INDECS." (*Id.* ¶¶ 15–16) Paragraph 1(e) of the agreement required Claim Doc to "handle appeals filed by providers or members of audit determinations in accordance with the Plan's appeal provisions and arrange for and provide at no cost to the Plan or patient a legal defense against non-patient responsibility in balance bills,"[2] if the "Plan Document" so provided. (Compl. ¶ 22)

The Agreement provided for its termination by either party with 60 days' notice, and further provided:

> As of the date of termination of this Agreement . . . all rights and obligations of the Parties shall terminate, except that [Claim Doc] shall continue to perform its obligations under this Agreement with respect to [1] any Referred Health Benefit Claim or [2] Appeal of a Health Benefit Claim . . . .

(*Id.* ¶¶ 29–30) The Agreement does not expressly define "*Referred* Health Benefit Claim" or "*Appeal of* a Health Benefit Claim." (*Id.* ¶ 33) The Agreement does, however, define "Health Benefit Claim" as "a claim for benefits filed by a

---

2   As explained by Claim Doc:

> A balance bill reflects a patient's responsibility to pay the difference between the amount a health care provider charged and the amount that the plan paid that provider. The remaining balance equals the amount of money the auditor determined was not payable under the allowable claim limit.

(Def. Opp. 6)

2

participant in the Plan," and it defines a "Referred Appeal" as "any appeal of a denied Health Benefit Claim under the Plan." (*Id.* ¶¶ 31–32)

Also on June 1, 2015, Plaintiffs and Claim Doc entered into a Joinder Agreement, which incorporated the prior Agreement, and under which "Wirerope elected to use Claim Doc's claims review services for its health benefit plan, as a customer of INDECS." (*Id.* ¶¶ 36–37, 39) "Wirerope's Plan Document provided for the handling of appeals as set forth in paragraph 1(e) of the Agreement such that Claim Doc was obligated to provide a legal defense for balance bills to the Plan or patient." (*Id.* ¶ 24)

Nearly one year later, on May 10, 2016, Wirerope gave notice that it would terminate its relationship with Claim Doc on May 31, 2016. (*Id.* ¶ 43) The following day, May 11, 2016, Claim Doc notified INDECS that it would terminate the Agreement. (*Id.* ¶ 44) Claim Doc also notified Wirerope that it would no longer provide services, include balance bill defense, after July 2, 2016. (*Id.* ¶¶ 45–46)

Plaintiffs allege that "INDECS requested detailed information on outstanding claims from Claim Doc, including information concerning the status of balance billing," but "Claim Doc did not timely respond." (*Id.* ¶¶ 48–49) Further, in a letter dated May 27, 2016, "Claim Doc again asserted that it would not defend balance bills post-termination." (*Id.* ¶ 50) As a result of Claim Doc's refusal to provide post-termination balance bill defense—which Plaintiffs allege is a breach of Claim Doc's obligations "under paragraphs 1 and 10 of the Agreement"—INDECS has withheld funds owed to Claim Doc[3] to defray the cost of conducting the post-termination balance bill defense on its own. (*Id.* ¶¶ 53, 56) According to Plaintiffs, "[n]umerous balance bill issues exist concerning claims under Wirerope's health benefit plan that Claim Doc originally handled." (*Id.* ¶ 55) Plaintiffs also allege that "Claim Doc has provided post-termination legal defense of balance bills in the past." (*Id.* ¶ 47)

---

3   The parties dispute the precise amount owed.

3

On August 30, 2016, Plaintiffs moved this Court for emergency relief and a preliminary injunction "requiring Claim Doc to turn over the necessary documents and information to conduct the defense of the plan members" (Pl. Mot. 2), or, in an alternative formulation, "requiring Claim Doc to turn over its member records for all Wirerope Plan members who require balance billing defense."[4] (*Id.* at 6)

## II. PRELIMINARY INJUNCTION STANDARD

A preliminary injunction is an "extraordinary remedy . . . that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865 (1997). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365 (2008) (numbering added); *accord American Express Travel Related Servs., Inc. v. Sidamon–Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012); *Liberty Lincoln–Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 556 (3d Cir. 2009).

Although all four factors guide the Court's inquiry, a court will not grant injunctive relief, "regardless of what the equities seem to require," unless the plaintiff successfully demonstrates the first and second factors. *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990) (stating that "we cannot sustain a preliminary injunction ordered by the district court where *either or both* of these prerequisites are absent.") (emphasis added); *accord Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000). Thus, a plaintiff's failure to show irreparable harm or a likelihood of success on the merits is, by itself, sufficient to deny an injunction. *See Morton v. Beyer*, 822

---

[4] Plaintiffs' motion contains yet a third formulation that appears to be a middle ground, requesting "an injunction requiring Claim Doc to turn over the Wirerope Plan member records required for balance billing defense." (Pl. Mot. 11)

F.2d 364, 371 (3d. Cir. 1987) "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction.").

## III. DISCUSSION

At this stage in the litigation, Plaintiffs have failed to carry their burden to persuade the Court that any of the four preliminary injunction factors have been satisfied. Plaintiffs' motion fails on many grounds, but it will suffice here to list just two: (1) Plaintiffs cannot show irreparable harm; and (2) Plaintiffs do not describe their requested relief with the required specificity or in reasonable detail. I therefore do not address whether Plaintiffs have demonstrated a likelihood of success on the merits.

### A. Irreparable Harm

Plaintiffs suggest two vectors through which they will suffer irreparable harm if a preliminary injunction is denied. First, Plaintiffs contend that INDECS's goodwill and reputation will "certainly" suffer if the vendor it hired to replace Claim Doc cannot properly defend Plan members' balance bills. Plaintiffs provide no factual support for this assertion other than a conclusory statement in the affidavit of INDECS's CEO Michael Shine ("Shine"). (Shine Aff. ¶ 13, ECF no. 7-5) ("INDECS will suffer reputational harm and loss of customer goodwill if it is not able to provide an adequate defense of outstanding balance bills for Wirerope plan members through the new vendor.") More is required to persuade the court. *See Am. Halal Live Poultry, LLC v. City of Perth Amboy*, No. 2:16-0326 (WJM), 2016 WL 2625027, at *3 (D.N.J. May 9, 2016) ("Plaintiffs' conclusory 'blanket statement' that failure to issue a preliminary injunction will cause irreparable harm to their reputation and good will is insufficient" to demonstrate irreparable and imminent injury.).

Second, Plaintiffs assert that they "will be unable to ascertain all of the facts necessary to conduct a balance bill defense for Plan members unless Claim Doc provides the necessary information," which "*could* result" in injury

5

to Plan members in the form of credit reporting issues or reputational harm. (Pl. Mot. 9) (emphasis added) As above, Plaintiffs' only support is Shine's conclusory statement. (Shine Aff. ¶ 14, ECF no. 7-5) ("Wirerope plan members *may* suffer harm to their credit and reputation if the balance bills are not defended.") (emphasis added) That is a speculative, conclusory statement about harm that may result to plan members. Many events that could or may occur are nevertheless not *likely* to occur. Plaintiffs bear the burden to establish that irreparable harm is likely, and they have plainly failed to do so.[5]

### B. Requisite Specificity and Reasonable Detail

Under Rule 65, "[e]very order granting an injunction . . . must: (A) state the reasons why it was issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). The Third Circuit has held on multiple occasions that "district courts granting injunctions pursuant to this rule should craft remedies 'no broader than necessary to provide full relief to the aggrieved plaintiff.'" *Belitskus v. Pizzingrilli*, 343 F.3d 632, 649–50 (3d Cir. 2003) (quoting *McLendon v. Cont'l Can Co.*, 908 F.2d 1171, 1182 (3d Cir. 1990)). "As the Supreme Court has explained, the policy behind this principle is 'to prevent uncertainty and

---

[5] I also note that I am not persuaded that the harm Plaintiffs face cannot be later remedied with monetary damages. Harm that can be monetarily redressed is not irreparable. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91–92 (3d Cir. 1992) ("The 'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'") (internal citation omitted) Plaintiffs' contention that damages will not suffice rests on the assumption that Plaintiffs cannot provide adequate balance bill defense to Wirerope plan members if Claim Doc does not provide "necessary information." (*See* Pl. Mot. 9) However, Plaintiffs fail to explain what type of information is necessary, why it is necessary, or why only Claim Doc is in possession of the information. Without any persuasive evidence that Claim Doc is in sole possession of truly necessary information, it appears that the only harm Plaintiffs may incur is the expense of providing the balance bill defense that Claim Doc will not. The ultimate harm to the plan members is incomplete reimbursement of charges. That harm is monetary and can be redressed by damages should Plaintiffs prevail upon the merits.

confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood.'" *Leonard v. Mackereth*, 2014 WL 512456, at *10 (E.D. Pa. Feb. 10, 2014) (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476, 94 S. Ct. 713 (1974)).

In this case, even if I did find—which I do not—that Plaintiffs otherwise qualified for preliminary injunctive relief, I could not grant the requested relief. To grant Plaintiffs' motion would result in an injunction so vague and uncertain as to run afoul of the specificity and reasonable detail requirements of Rule 65. Plaintiffs themselves appear uncertain of the scope of relief that they seek, as reflected in alternative formulations requesting an injunction "requiring Claim Doc to turn over": (1) "the necessary documents and information to conduct the defense of the plan members," (Pl. Mot. 2); (2) "its member records for all Wirerope Plan members who require balance billing defense," (*Id.* at 6); or (3) "the Wirerope Plan member records required for balance billing defense," (*Id.* at 11). These alternatives leave unclear whether the truly necessary documents consist of all or only some documents pertaining to the plan members who require balance bill defense.

Further, even had Plaintiffs stuck with a single formulation, Plaintiffs have use the vague terms "member records," "required," and "necessary" without any further definition. Therefore, any order issued using these vague terms would very likely be overbroad, difficult for Claim Doc to comply with, and difficult for this Court to enforce. I will not issue an order for preliminary injunctive relief that fails to comply with Rule 65(d), such as the order that Plaintiffs request here.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for emergency relief and preliminary injunction (ECF no. 7) is DENIED.

An appropriate Order follows.

Dated: March 21, 2017

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　HON. KEVIN MCNULTY, U.S.D.J.