UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INDECS CORP and WIREROPE WORKS, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CLAIM DOC, LLC,**<br><br>Defendant. | **Civil Action No. 16-4421 (KM)**<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Defendant Claim Doc, LLC ("Claim Doc" or "Defendant") for leave to amend its Counterclaim [Dkt. No. 60]. Plaintiffs INDECS Corp. ("INDECS") and Wirerope Works, Inc. ("Wirerope") (collectively "Plaintiffs") oppose Claim Doc's motion [Dkt. No. 66]. For the reasons set forth below, Claim Doc's motion to amend is **GRANTED** against INDECS and **DENIED** as **moot** against Wirerope.[1]

**I.   BACKGROUND**

As the parties are intimately familiar with the facts surrounding this matter, the Court will only address those relevant to the present motion.[2] INDECS administers and manages claims in connection with the employee health benefits plan of Wirerope. See Dkt. No. 1, Plaintiffs Complaint ("Pl. Compl.") ¶¶ 15, 18. INDECS in turn used Claim Doc as a vendor to provide claim review services for Wirerope and other customers. Id. at ¶¶ 2, 20. Under a three-way contract

---
[1] During the January 29, 2019 telephone status conference with the Court, the parties informed the undersigned that all claims, cross claims, counterclaims, or other claims as to Wirerope only, have been settled, releasing Wirerope from the present litigation.
[2] A factual background of this matter is set forth in the January 9, 2018 Opinion of the Honorable Judge Kevin McNulty, U.S.D.J. [Dkt. No. 44].

1

between the parties, Claim Doc would provide the legal defense of "balance bills" which were bills sent from healthcare providers to patients to cover the difference between the amount billed and the amount the insurer reimbursed. Id. Claim Doc would handle appeals and provide, at no cost under Wirerope's plan, a legal defense against non-patient responsibility in the balance bills. Id. at ¶ 22. In return, Claim Doc would receive service fees from INDECS on behalf of the plan. Id. at ¶ 28. Claim Doc also undertook to act as a fiduciary for all of its actions under the agreement with Wirerope and INDECS. Id. at ¶ 38.

On July 20, 2016, INDECS and Wirerope filed a Declaratory Judgment Complaint in this Court alleging that Claim Doc had breached this three-way contract (Count I), that Claim Doc breached its fiduciary duty to Wirerope and INDECS (Count II), and that Claim Doc has a duty to indemnify Wirerope for defending outstanding balance bills (Count III). See Dkt. No. 1, Pl. Compl.

On September 14, 2016, Claim Doc filed its Answer to Plaintiffs' Complaint with Counterclaim. See Dkt. No. 11, Defendant's Answer and Counterclaim ("Def. Answer and Countercl.". In its Initial Counterclaim, Claim Doc asserts five (5) causes of actions: Count I, Breach of Contract against INDECS; Count II, Breach of Contract against Wirerope; Count III, Tortious Interference with Contract against INDECS and Wirerope; Count IV, Civil Conspiracy against INDECS and Wirerope; and Count V, Quantum Meruit/Unjust Enrichment against Wirerope. Id. On October 5, 2016, Plaintiffs answered Claim Doc's Initial Counterclaim. Subsequently, the Court entered a Pretrial Scheduling Order on December 5, 2016 and the parties engaged in discovery on this matter. See Dkt. No. 18.

However, after multiple discovery disputes and extensions, Claim Doc moved for leave to file an Amended Counterclaim against INDECS and Wirerope on June 7, 2018. See Dkt. No. 60. Claim Doc's Amended Counterclaim contains additional factual allegations, amends its unjust

enrichment/quantum meruit claim to include 2017-2018 fees related to the design and set-up of a benefit program on behalf of Wirerope; and asserts a new breach of contract claim against INDECS. See Dkt. No. 60-4, Defendant's Amended Counterclaim ("Def. Am. Countercl.").

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." Endo Pharma v. Mylan Techs Inc., 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . . ." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006).

Plaintiffs do not challenge Claim Doc's assertion of a second breach of contract claim against INDECS. See Dkt. No. 66-2, Plaintiffs Brief in Opposition ("Pl. Opp. Br."). Instead, Plaintiffs only argue the futility of (1) the additional allegations asserted under Claim Doc's tortious interference with contract claim against Plaintiffs and (2) Claim Doc's amendment of its unjust enrichment/quantum meruit claim to include 2017-2018 fees related to a design and set-up of a benefit

program on behalf of Wirerope. Id. at pgs. 1-2. First, in regard to Claim Doc's amendments to its tortious interference with contract claim, Plaintiffs claim the amendments are futile because Claim Doc terminated a joinder agreement, which was part of the three-way contract between the parties, and that Claim Doc has "failed to otherwise plead facts sufficient to establish that it sustained any damages as a result of the allegedly tortious conduct of INDECS or Wirerope." Id. at pg.1. Second, in regard to Claim Doc's amendment of its unjust enrichment/quantum meruit claim, Plaintiffs claim the amendments are futile because Claim Doc has failed to plead facts sufficient to establish that it sustained any damages under theories of unjust enrichment/quantum meruit beyond damages already pleaded in its original Counterclaim." Id. at pg. 2. Plaintiffs do not claim any other grounds on which the Court may deny Claim Doc's motion, such as undue delay, prejudice, or the result of any bad faith. Id.

An amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). In determining whether an amendment is insufficient on its face, the Court employs the same standard as in a Rule 12(b)(6) motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Under a Rule 12(b)(6) analysis, the question is not whether the movant will ultimately prevail and detailed factual allegations are not necessary to survive such a motion. Antoine v. KPMG Corp., 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010). However, if a proposed amendment is not clearly futile, then denial of leave to amend is improper. Meadows v. Hudson County Bd. of Elections, 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006).

While Plaintiffs may be correct in their assertions, the Court finds that a ruling on Plaintiffs' arguments in the context of the present motion would require legal determinations better suited for a

4

motion to dismiss. Accordingly, because the Court declines to find that Claim Doc's proposed amendments are clearly futile at this juncture and because Plaintiffs make no argument that the remaining factors considered under Fed. R. Civ. P. 15 weigh against allowing Claim Doc to amend, Claim Doc's motion for leave to file an Amended Counterclaim as to INDECS is **GRANTED.**

Moreover, because the parties have indicated to the Court, that all claims, cross claims, counterclaims, or other claims as to Wirerope only, have been settled, releasing Wirerope from the present litigation, Claim Doc's motion for leave to file an Amended Counterclaim as to Wirerope is **DENIED** as **moot**.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 30th day of January, 2019,

**ORDERED** that Claim Doc's motion for leave to file an Amended Counterclaim [Dkt. No. 60] is **GRANTED** and it is further

**ORDERED** that Claim Doc shall file and serve its Amended Counterclaim within **fourteen (14) days** from the date of this Order.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**